Osias Weisthal, Respondent, v. Arena Building Corporation, Appellant.— Judgment reversed upon the law and a new trial granted, costs to abide the event. We are of opinion that the trial court erred in admitting the testimony of a conversation between the witness Krisiloff for plaintiff and certain of defendant's employees as to admissions claimed to have been made by them after the accident (Fols. 420–423). The testimony of defendant's witness Howler upon the first trial made this evidence admissible. Howler, however, has since died and his testimony was not read by the defendant upon the last trial. The reading of the testimony taken at the first trial, at folios 484–485, was not justified by the question put to Krisiloff at folio 479, since, upon plaintiff's objection, it was withdrawn without an answer. Our decision, however, is uninfluenced by this occurrence, since counsel for the defense was satisfied with the court's ruling. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

Valentin Encarnacion, Respondent, v. William A. Jamison and Christina Arbuckle, etc., Defendants. William A. Jamison, Appellant.— Motion granted and order resettled to the extent of striking out the words " and the facts." Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

Albert E. Abderhalden, Respondent, v. Edith V. Abderhalden, Appellant.— Interlocutory judgment unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

Helen Claire Blank, Appellant, v. James J. Walker and Others, Constituting the Commissioners of the Sinking Fund of the City of New York, and Others, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

Milton Bower, an Infant, by John S. Bower, His Guardian ad Litem, Appellant, v. M. Samuels & Co., Incorporated. and The Newark Shoe Peekskill N. Y. Co., Inc., Respondents.— Order dated January 22, 1929, in so far as it denied plaintiff's motion for summary judgment on the first cause of action, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The second cause of action was by said order discontinued and its allegations are, therefore, not in the case. That order of discontinuance is not appealed from. The first cause of action plainly is one by an infant who disaffirms a contract for the purchase of stock, demanding a return of the money paid coupled with an offer by him to return the stock. The only denial to this cause of action is one of knowledge or information sufficient to form a belief as to the plaintiff's infancy. Such a denial is ineffectual in the absence of a showing contrary to the proof advanced by plaintiff by affidavit coupled with his birth certificate, a matter of record. The infancy is, therefore, clearly established and there is nothing left to try under that cause of action. The appeal from the order dated January 26, 1929, is dismissed, without costs. Rich, Kapper, Hagarty and Scudder, JJ., concur; Lazansky, P. J., dissents.

George Burns, an Infant, by John Burns, His Guardian ad Litem, and John Burns, Respondents, v. William K. Tilford, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.